Dear Sheriff Wiley:
This office is in receipt of your opinion request in which you present the following issues:
 1. Can the Sheriff's Office store seized moveable property under a Writ of Seizure, Writ of Fieri Facias, and Writ of Sequestration, and can the Sheriff's Office charge for storage of the movables on these writs?
LSA-R.S. 33:1428 contains a schedule of what fees may be charged by a sheriff in civil matters and states in part:
§ 1428. Fees in civil matters
 A. Sheriffs shall be entitled to no more than the following fees and compensation of office in all civil matters:
 (1) For all service and returns of legal documents, notices, and subpoenas, fifteen dollars.
 (2) For execution of all writs, twenty-five dollars; for each notice of seizure and sale and returns thereon, fifteen dollars; for return of any writ, fifteen dollars;
 (3) For advertising sale under writ of fieri facias, seizure and sale, or other order of court, the rates established by existing laws for judicial advertisements and no more.
 (4) For preparing advertisements for newspapers, for each one hundred words or part thereof, ten dollars.
 (5) For keeping property under seizure when stored in warehouse, the usual charge of warehousekeepers shall be allowed and no more. The sheriffs may collect the costs of insurance affected or of drayage or other incidental expenses necessary for preservation or keeping of property and actually paid by them.
 (6) For keeping property when a keeper or guardian is required, the sheriffs shall be allowed the actual amount paid the keeper appointed by them but not to exceed sixty dollars for each eight hours of keeping; and in all cases in which the property under seizure is of a nature requiring the constant attention of the sheriffs, they may appoint one or more additional keepers for which allowance shall be made on the basis above set forth.
 (7)(a) For commission on sales of property made by the sheriffs, three percent shall be allowed on the price of adjudication of immovable property, and six percent shall be allowed on the price of adjudication of moveable property. As used herein, "the price of adjudication" shall mean the amount of the successful bid price at the sale conducted by the sheriff.
* * *
 (13)(a) In all cases where the sheriffs have in their possession for execution of a writ fieri facias, a writ of seizure and sale, or any conservatory or other writ under which property is or may be seized: . . . the sheriffs shall be entitled to receive a fee or commission as in the case of a sale.
LSA-R.S. 13:3876 also addresses storage of seized property and provides in pertinent part:
 "Whenever movable property under seizure has been stored in a sheriff's or constable's warehouse, and six months have elapsed without the payment, by the parties in interest, of any storage charges during that period, the sheriff or constable, as the case may be, shall proceed summarily by rule, in term time or in vacation, against the seizing plaintiff and the defendant and other parties, shown by the record to have an interest in the stored property, to show cause why the stored property should not be sold to pay and satisfy the storage charges, and other charges and commissions of the sheriff or constable. . ."
Based on the above cited statutes, a sheriff's office may store seized movable property under Writs of Seizure, Writs of Fieri Facias, and Writs of Sequestration and they may charge for the storage of these movables. For a complete list of these fees, please see LSA-R.S. 33:1428 in its entirety.
 2. Since the prison building and land is owned by the Parish Council, is the Sheriff's Office required to obtain approval from the Parish Council to build a storage facility on the prison grounds?
In addressing this issue, please note the Ascension Parish Charter, which governs what procedure should be followed regarding parish property. Because the property at issue is owned by the parish, the parish should be consulted before any construction is started, as they must make the decisions concerning its use. Article VI, § 6:01 entitled, "Acts Requiring an Ordinance" of the Ascension Parish Charter provides in pertinent part:
 "An act of the governing authority which is to have the force of law shall only be enacted by ordinance. An act requiring an ordinance shall include but not be limited to one which:
8. Abandons any property owned by the parish;
 9. Sales, conveyances or leases of any parish owned property;
 10. Acquires real property on behalf of the parish."
Given the above provisions of the Ascension Parish Charter, the Sheriff's Office must require approval from the Parish Council by way of an ordinance in order to build a storage facility on the parish owned prison grounds.
 3. What type of insurance or bonding is required for building a storage facility of this type?
Regarding this insurance issue, please refer to LSA-R.S. 38:2216
and 38:2219. These statutes concern the written contract and bond requirements as well as the procurement of surety bonds and insurance requirements for public works contracts. As this facility is to be built on parish owned property, you must consult the parish council as to their requirements for insuring this facility.
We hope the foregoing sufficiently addresses your concerns. If our office may be of further assistance, please do not hesitate to contact us.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: __________________________ J. RICHARD WILLIAMS Assistant Attorney General
RPI:JRW:glb